United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TRAVIS JUSTIN SNEED, | Case No.  5:25-cv-07364-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
| ENDLESS CAPITAL GROUP CORP., | [Re:  ECF No. 15] |
| Defendant. | |

Plaintiff Travis Justin Sneed moves for default judgment against Defendant Endless Capital Group Corporation.  ECF No. 15 ("Mot.").  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for July 9, 2026.  *See* Civ. L.R. 7-1(b).

For the following reasons, the motion is GRANTED.

## I.      BACKGROUND

Plaintiff initiated this action on September 2, 2025, by filing a class action complaint asserting a single claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  ECF No. 1 ("Compl.").  The complaint alleges that on July 9, 2025, July 13, 2025, and July 16, 2025, Defendant sent several marketing text messages to Plaintiff before 8:00 a.m. or after 9:00 p.m., that Plaintiff never signed any type of authorization permitting or allowing Defendant to send him the text messages, and that Defendant's conduct resulted in intrusion into his peace and quiet.  *Id.* ¶¶ 12–22.

Defendant was served on September 26, 2025.  ECF No. 9.  After Defendant failed to file a timely responsive pleading or motion, Plaintiff moved for entry of default on November 29, 2025.  ECF No. 10.  The Clerk of Court entered default against Defendant on December 1, 2025.  ECF

No. 11.  Plaintiff moved for default judgment on March 5, 2026.  ECF No. 15.  Notice of the motion was served concurrently.  ECF No. 15-1 ("Decl.") ¶ 15; ECF No. 15-2.

## II.   LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought.  *See* Fed. R. Civ. P. 55(a).  After default has been entered, a court may enter default judgment.  *Id.* 55(b)(2); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In deciding whether to enter default judgment, courts in the Ninth Circuit consider the *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In considering the *Eitel* factors, all factual allegations in the complaint are taken as true, except those related to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  When the damages claimed are not readily ascertainable from the pleadings and the record, the court may either conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff.  *See Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20-cv-03871-BLF, 2021 WL 2457154, at *2 (N.D. Cal. June 16, 2021).

## III.   DISCUSSION

### A.  Jurisdiction and Service

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  When a plaintiff requests default judgment, the court must also assess whether the defendant was properly served with notice of the action.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Solis v. Cardiografix*, No. 12-cv-01485-EJD, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012).

The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the complaint

United States District Court
Northern District of California

states a claim under the TCPA. The Court also has personal jurisdiction over Defendant, which is an out-of-state entity that sent numerous unsolicited text messages to a California-based plaintiff. *See , e.g., j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. 08-cv-04254-PJH, 2009 WL 29905, at *2, *8–*10 (N.D. Cal. Jan. 5, 2009) (denying Rule 12(b)(2) motion under analogous circumstances). Here, Plaintiff's process server served a registered agent of Defendant with the summons and complaint accordance with Federal Rule of Civil Procedure 4(h). *See* ECF No. 9; Decl. ¶ 8.

### B.  *Eitel* Factors

Having concluded that the threshold requirements of service and jurisdiction are met, the Court turns to the *Eitel* factors. For the reasons discussed below, the *Eitel* factors support default judgment on Plaintiff's claims.

#### 1.  Possibility of Prejudice

The first *Eitel* factor requires the Court to consider whether Plaintiff would be prejudiced if default judgment is not entered. Unless default judgment is entered, Plaintiff will have no other means of recourse against Defendant. As such, Plaintiff will be prejudiced if default judgment is not entered. *Ridola v. Chao*, No. 16-cv-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (explaining that the first *Eitel* factor weighs in favor of default judgment where plaintiff otherwise "would have no other means of recourse against Defendants for the damages caused by their conduct"); *accord PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The first *Eitel* factor therefore weighs in favor of granting default judgment.

#### 2.  Merits of Claims and Sufficiency of the Complaint

The second and third *Eitel* factors address the merits and sufficiency of Plaintiff's claims. Courts often analyze these two factors together. *See, e.g., Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). These factors require Plaintiff to state a claim on which he may recover. *Kloepping v. Fireman's Fund*, No. 94-cv-02684-TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996). "Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party."

United States District Court
Northern District of California

*Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  "[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true."  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

> Section 227(c) of the TCPA provides as follows:
>> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State–
>> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>> (C) both such actions.

47 U.S.C. § 227(c)(5).  The TCPA's implementing regulation provides:  "No person or entity shall initiate any telephone solicitation to[] . . . [a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m."  47 C.F.R. § 64.1200(c).  The complaint pleads each of these elements.  *See* Compl. ¶¶ 12–20.

### 3. Sum of Money at Stake

Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in relation to the seriousness of the Defendant's conduct.  "Default judgment is disfavored when a large amount of money is involved or unreasonable in light of the potential loss caused by the defendant's actions."  *HICA Educ. Loan Corp. v. Warne*, No. 11-cv-04287-LHK, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012).  The TCPA provides $500.00 in statutory damages per violation.  47 U.S.C. § 227(c)(5)(B).  Plaintiff seeks $6,000 in damages for six violations of the TCPA.  FAC ¶ 39.  Plaintiff seeks $804.00 in attorney fees, costs, and expenses, *see* Mot. at 7, which is less than the minimum statutory damages he seeks.  The Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4. Possibility of Factual Dispute; Excusable Neglect

Under the fifth and sixth *Eitel* factors, the Court considers whether there is the possibility of a dispute over any material fact and whether the default was due to excusable neglect.  *See Ridola*, 2018 WL 2287668, at *13.  There is no evidence that Defendant's failure to participate in

the litigation is due to excusable neglect after being properly served with the summons and complaint. ECF No. 15. On this record, the Court finds that there is no possibility that Defendant could dispute any material fact or establish that default was caused by excusable neglect. *Good Night Invs., LLC v. Kozlowski*, No. 25-cv-04576-BLF, 2026 WL 962780, at *5 (N.D. Cal. Apr. 9, 2026). The fifth and sixth *Eitel* factors therefore weigh in favor of granting default judgment.

### 5. Policy Favoring Decision on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d. at 1472, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo*, 238 F. Supp. 2d at 1177. While this factor weighs against granting default judgment, the Court concludes that it is outweighed by the other *Eitel* factors. *Ridola*, 2018 WL 2287668, at *13.

### C. Relief to be Awarded

Because the Court concludes that default judgment is warranted, it now considers Plaintiff's request for relief. Plaintiff is required to prove the amount of damages, since neither the fact of entry of default itself nor the allegations in the complaint is sufficient to establish the amount of damages. *See, e.g.*, *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The Court may determine the amount of damages without an evidentiary hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiff requests the minimum statutory damages under the TCPA of $500 per violation for six violations. Plaintiff has demonstrated his entitlement to $3,000 in statutory damages. The Court may order costs other than attorney's fees to the prevailing party in an action unless federal law or the rules of civil procedure provide otherwise. Fed. R. Civ. P. 54(d)(1). In the Northern District of California, "Civil Local Rule 54-3 provides recovery only of the following: fees for filing and service of process, reporters' transcripts, depositions, reproduction and exemplification,

United States District Court
Northern District of California

witness expenses, fees for masters and receivers, costs on appeal, and costs on bonds and security." *J & J Sports Prods., Inc. v. Rodriguez*, No. 13-cv-05551-BLF, 2014 WL 2931218, at *4 (N.D. Cal. June 27, 2014). Plaintiff seeks litigation expenses in the amount of $804.00, including a $405 filing fee and $399.00 service of process fee. Decl. ¶ 18. These fees fall within the permissible categories, so the Court will award them.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's Motion for Default Judgment is GRANTED. Judgment is entered in favor of Plaintiff Travis Justin Sneed and against Defendant Endless Capital Group Corporation on Plaintiff's TCPA claim.

(2) The total judgment entered in favor of Plaintiff and against Defendant is $3,804.00. This includes $3,000 in statutory damages and $804.00 in expenses.

**IT IS SO ORDERED.**

Dated:  June 22, 2026

_____
BETH LABSON FREEMAN
United States District Judge